## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| HYUNDAI STEEL COMPANY | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, | ) | Court No. 21-012 |
| Defendant, | ) | |
| and | ) | |
| NUCOR CORPORATION, | ) | |
| Defendant-Intervenor. | ) | |

### DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND AND TO STAY FILING OF RULE 56.2 RESPONSE BRIEF

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand the Department of Commerce's final results in *Certain Cut-to-Length Carbon-Quality Steel Plate From the Republic of Korea: Final Results of Countervailing Duty Administrative Review; Calendar Year 2018*, 85 Fed. Reg. 84,296 (Dep't Commerce Dec. 28,

1

2020) (Final Results), (Appx1059-1060), and accompanying Issues and
Decision Memorandum (IDM), (Appx1032-1058) P.D. 274 and
accompanying Issues and Decisions Memorandum (IDM), P.D. 275
(Final Determination).  We respectfully request a voluntary remand for
Commerce to reconsider or further explain Commerce's decision to
countervail the Reduction for Sewerage Fees program for Hyundai Steel
Company.  Because this issue is central to the three claims Hyundai
raises in its complaint, the voluntary remand has the potential to affect
each issue challenged; consequently, defendant requests that filing its
Rule 56.2 brief be stayed pending resolution of the voluntary remand.
Plaintiff Hyundai Steel consents to our motion; defendant-intervenor
Nucor takes no position.

## BACKGROUND

Plaintiff, Hyundai Steel, is challenging Commerce's final
determination in the 2018 countervailing duty administrative review
of certain cut-to-length carbon quality steel plate from Korea that the
Reduction for Sewerage Fees program is countervailable.
Specifically, plaintiff challenges Commerce's determinations that it
received:  (i) a financial contribution from the government of Korea in

connection with its payment of sewerage fees; (ii) a countervailable benefit from the government of Korea in connection with its payment of sewerage fees; and (iii) a countervailable subsidy in connection with its payment of sewerage fees.  Hyundai Steel Br. at 1-2.

Defendant respectfully requests a voluntary remand for Commerce, without confessing error, to reconsider its position on the countervailability of the Reduction for Sewerage Fees program, the program that is the focus of Hyundai Steel's complaint.

Recently, Commerce issued a post-preliminary analysis memorandum in its 2019 administrative review of the countervailing duty order covering certain cut-to-length carbon quality steel plate from Korea.[1]  Commerce again examined Hyundai Steel's reduction for sewerage fees from the government of Korea, gaining an increased understanding of how companies, such as Hyundai Steel, could receive such a reduction for sewerage fees.  As a result of this increased understanding, Commerce requests a voluntary remand so that it can

---

[1] *See* Countervailing Duty Administrative Review of *Certain Cut-to-Length Carbon-Quality Steel Plate From the Republic of Korea 2019*; Post Preliminary Analysis Memorandum (Dep't of Commerce) (Oct. 19, 2021) (determining that Hyundai Steel Company's reduction in sewerage fees were not countervailable).

reconsider the record evidence and its decision to countervail Hyundai Steel's use of the program in the 2018 administrative review.

## ARGUMENT

We respectfully request that the Court remand the final results to Commerce. An agency may ask the Court to remand a matter, without confessing error, so that Commerce may consider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The Court of Appeals for the Federal Circuit identified multiple scenarios in which an agency may seek a remand which include: (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result. *Id.* at 1028.

Although the Court possesses discretion whether to grant a remand in such circumstances—for example, "[a] remand may be refused if the agency's request is frivolous or in bad faith"—"if the agency's concern is substantial and legitimate, a remand is usually

4

appropriate." *Id.* at 1029.  Notably, the holding of *SKF USA* was that

the court had abused its discretion in denying the Government's motion

for voluntary remand.  *See id.* at 1030.  In short, in *SFK USA*, the

Federal Circuit established the standard for the Court to decide motions

for voluntary remand in an action such as this one.  This standard

affirms that an agency's power to make an administrative

determination contains within it the power to reconsider that decision,

as appropriate.  *See United States v. Sioux Tribe*, 616 F.2d 485, 493 (Ct.

Cl. 1980) ("It is a well-established principle that an administrative

agency may reconsider its own decisions.  'The power to reconsider is

inherent in the power to decide.'" (citation omitted)).

A voluntary remand to an agency is generally appropriate if the

agency's concern is substantial and legitimate.  *Id.* at 1029; *see also Ad

Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d

1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*,

704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010); *Shakeproof Assembly

Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F.

Supp. 2d 1330, 1338 (Ct. Int'l Trade 2005) (granting a request for

voluntary remand, recognizing the "presumption of governmental good

faith" absent "'well-nigh irrefragable proof' of bad faith."). "{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id.* Moreover, when the agency seeks remand to correct a mistake or address some other substantial and legitimate concern, it is appropriate for a court to defer to the agency whose expertise consists of administering the statute. *Gleason Indus. Prods., Inc. v. United States*, 31 C.I.T. 393, 396 (2007); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.")

In the final results for this administrative review, Commerce determined, among other things, that Hyundai Steel's reduction for

sewerage fees from the government of Korea constituted a countervailable subsidy because the fee reduction qualified as a financial contribution within the meaning of 19 U.S.C. § 1677(5)(D), was specific within the meaning of 19 U.S.C. § 1677(5A), and conferred a benefit within the meaning of 19 U.S.C. § 1677(5)(E). *See* Final Results at 84,296; IDM at 18-20.   Subsequently, in the 2019 administrative review, Commerce again examined Hyundai Steel's use of the program, resulting in an increased understanding of the program and the underlying Korean law that governs the reduction fees sewerage fees.  In light of this increased understanding of the program and law, Commerce requests a voluntary remand to reconsider the countervailability of the Reduction for Sewerage Fees program in the 2018 administrative review.

The Court should exercise its discretion to grant our request because our reasons for seeking remand are "substantial and legitimate."  As this Court has held, a remand is appropriate where "(1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber*, 925 F.

Supp. 2d at 1339.  Each factor is satisfied here.  First, the
Government has a compelling justification for its request because
Commerce wishes to further consider the Reduction for Sewerage
Fees program which was countervailed in the final results.  IDM at
Appx1032-1058; Final Results (appx1059-60).  Next, the need for
finality does not outweigh the justification, as indicated by the fact
that Hyundai Steel consents to our motion.  Moreover, a remand to
Commerce to further evaluate its decisions may provide the relief
plaintiff requested in its pending motion for judgement upon the
administrative record.  Granting our motion is appropriate because a
remand may allow Commerce to "cure the very legal defects asserted
by plaintiffs challenging federal action." *Citizens Against the
Pellissippi Parkway v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004)
(finding the district court abused its discretion by not granting
motion for voluntary remand for agency to address error alleged by
plaintiff).

Finally, the scope of the request is appropriate because, as
explained above, Commerce's understanding of program and the
underlying Korean law that governs the reduction for sewerage fees

has increased.  Because Commerce has a better understanding of the

program and how sewerage fees can be reduced in certain

circumstances, defendant requests a remand to allow Commerce to

reconsider Hyundai Steel's use of the program.  There is thus a

substantial and legitimate justification for this Court to grant a

voluntary remand.

Further, our request for a voluntary remand in its entirety is

appropriate because of the potential impact of the remanded issue on

the claims pending before this Court, all of which relate to the

Reduction for Sewerage Fees program.  By requesting a voluntary

remand in its entirety, we do not waive any defenses regarding the

administrative review at issue nor any arguments related to the

merits of the issues before the Court.  *See Tianjin Wanhua Co., Ltd. v.*

*United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017).

By requesting a remand in its entirety to address all issues before the

Court, we preserve our ability to defend Commerce's final results on

the merits.  Should the Court grant the request and determine a

remand is warranted, the appropriate action is for the Court to

remand to Commerce for further proceedings without directing a

particular outcome. *See, e.g., Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

Moreover, because a voluntary remand, if granted, may preclude the need for responding to the plaintiffs' motion for judgment on the agency record, we respectfully request that the Court stay any such briefing pending its resolution of the remand redetermination, including briefing by defendant-intervenor. Should the Court grant our request, we respectfully propose that the Court provide 90 days for Commerce to submit its remand redetermination to the Court and allow for comments on the remand redetermination in accordance with Rule 56.2(h) of the Rules of the Court.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to Commerce for further administrative proceedings. Should the Court grant our request, we respectfully request that the Court provide 90 days for Commerce to submit its remand redetermination to the Court to afford Commerce sufficient time to complete the remand redetermination. We also request that further

briefing under Rule 56.2(a) be stayed pending issuance of the remand

determination.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney
                                        General

                                        JEANNE E. DAVIDSON
                                        Director

                                        /s/ Tara K Hogan
                                        TARA K. HOGAN
                                        Assistant Director

                                        /s/ Kelly A. Krystyniak

OF COUNSEL:                        KELLY A. KRYSTYNIAK
Natalie Zink                          Trial Attorney
Counsel                               U.S. Dept. of Justice
Office of the Chief Counsel        Civil Division
for Trade Enforcement/ Compliance   Commercial Litigation Branch
U.S. Department of Commerce       P.O. Box 480
Washington, D.C.                 Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-0163
                                        Facsimile: (202) 514-8640
                                        Kelly.A.Krystyniak@usdoj.gov

November 8, 2021               Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 2,089 words.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Kelly A. Krystyniak

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>NUCOR CORPORATION, )<br><br>Defendant-Intervenor. ) | Court No. 21-0213 |

## ORDER

Upon consideration of plaintiffs' motion for judgment on the agency record, defendant's motion for a voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's unopposed motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this Order; and it is further

ORDERED that briefing on plaintiffs' motion for judgment on the
agency record is STAYED pending Commerce's remand
redetermination.


Dated: _____                    _____

New York, New York                              Judge